# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## AUGUST 2025

E-Filing Number: 2508004136

**00275**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHELLE RUNKLE | WHITE DEER RUN OF LEHIGH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 120 SOUTH ANN STREET<br>LANCASTER PA 17602 | 1620 RIVERSIDE DRIE<br>BETHLEHEM PA 16866 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WHITE DEER RUN TREATMENT NETWORK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 220 NORTH FRONT STREET SUITE 4<br>PHILIPSBURG PA 16866 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ACADIA HEALTHCARE COMPANY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 6100 TOWER CIRCLE SUITE 1000<br>FRANKLIN TN 37067 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

AUG **04** 2025

**B. BALILONIS**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES          NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHELLE RUNKLE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| TOBI A. RUSSECK | LEVY KONIGSBERG, LLP<br>100 N. 18TH STREET<br>3RD FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (484)574-1494 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 206137 | TRusseck@levylaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *TOBI RUSSECK* | Monday, August 04, 2025, 11:34 am |

**LEVY KONIGSBERG LLP**
Tobi Russeck, Esq. (I.D. No. 206137)
Haley Ferise, Esq. (I.D. No. 334429)
605 Third Avenue, 33rd Fl.
New York, NY 10158
trusseck@levylaw.com
hferise@levylaw.com
*Attorneys for Plaintiff*

*Filed and Attested by the Office of Judicial Records 04 AUG 2025 10:44 am B. BALILONIS*

-------------------------------------------------X

MICHELLE RUNKLE,

                        Plaintiff,

        -against-

WHITE DEER RUN OF LEHIGH
      1620 Riverside Drive,
      Bethlehem, PA 18015
WHITE DEER RUN TREATMENT NETWORK
      220 North Front Street,
      Suite 4
      Philipsburg, PA 16866
      and
ACADIA HEALTHCARE COMPANY, INC.
      6100 Tower Circle,
      Suite 1000
      Franklin, TN 37067

                      Defendants.

-------------------------------------------------X

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**CIVIL ACTION NO. _____**

_____TERM 2025

**JURY TRIAL DEMANDED**

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin** |

1

Case ID: 250800275

plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral and Information
Service One Reading Center
Philadelphia, Pennsylvania
19107
(215) 238-6333
TTY (215) 451-6197**

previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De
Filadelfia Servicio De Referencia
E Informacion Legal One Reading
Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

**10-284**

Case ID: 250800275

-------------------------------------------------X     **COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY**

MICHELLE RUNKLE,

                        Plaintiff,             **CIVIL ACTION NO. _____**

            -against-                 _____TERM 2025

WHITE DEER RUN OF LEHIGH
     1620 Riverside Drive,
     Bethlehem, PA 18015
WHITE DEER RUN TREATMENT NETWORK
     220 North Front Street,
     Suite 4
     Philipsburg, PA 16866
     and
ACADIA HEALTHCARE COMPANY, INC.
     6100 Tower Circle,
     Suite 1000
     Franklin, TN 37067

                    Defendants.        **JURY TRIAL DEMANDED**
-------------------------------------------------X

## COMPLAINT – CIVIL ACTION

Plaintiff MICHELLE RUNKLE, (hereinafter also referred to as "Plaintiff"), by and through her attorneys, Levy Konigsberg LLP, demands entry of judgment in her favor and against all named Defendants, for the following reasons:

### PRELIMINARY STATEMENT

1. This action is filed pursuant to 42 Pa. Cons. Stat. § 5524, providing a two-year statute of limitations for injuries to the person. Plaintiff was abused while in the care of White Deer Run of Lehigh between November 5, 2024 and December 2, 2024; her claims are therefore not barred by any statute of limitations.

2. This action alleges physical, psychological, and emotional injuries suffered as a result of conduct constituting sexual offenses as defined in 18 Pa. Cons. Stat. Ann. §§ 3121 — 3133, including, but not limited to, indecent assault and other sexual offenses.

Case ID: 250800275

3. Plaintiff was sexually abused while she was in the care of Defendants. Specifically, Plaintiff was sexually harassed, assaulted, and abused by staff employed by or acting under the authority of White Deer Run of Lehigh at residential rehabilitative treatment centers owned and/or operated by the Defendants.

4. The staff who perpetrated the sexual abuse engaged in forcible compulsion or threat of forcible compulsion of Plaintiff during and in order to facilitate each occasion of sexual abuse, as the staff committed the sexual abuse by use of physical, intellectual, moral, emotional or psychological force, either express or implied.

5. Defendants knew, or should have known, that patients and/or residents were being sexually abused at White Deer Run of Lehigh. Defendants' failure to supervise, discipline, remove, and/or otherwise investigate the perpetrators of the sexual abuse directly enabled the sexual abuse of Plaintiff described below.

6. Plaintiff demands a trial by jury pursuant to 231 Pa. Code § 1007.1.

## VENUE

7. At all times relevant to this cause of action, Defendants engaged in substantial, continuous, and systemic business in the Commonwealth of Pennsylvania and regularly conducted business in the County of Philadelphia, and venue is proper in Philadelphia County pursuant to Pa.R.C.P. 2179.

8. Upon information and belief, Defendant Acadia maintained business contracts with the Commonwealth of Pennsylvania and Philadelphia County by owning, maintaining, and operating the Belmont Behavioral Health System, located at 4200 Monument Road, Philadelphia, PA 19131.

## BACKGROUND

9. Acadia Healthcare Company, Inc.'s behavioral healthcare facilities have historically been hotbeds for various types of abuse.

10. In September 2024, *The New York Times* reported that it had conducted an investigation and found that Acadia repeatedly held patients "against their will," using laws meant to protect patients who are a threat to themselves or others to keep them in inpatient programs longer than necessary for its own financial gain. Patients, employees, and law enforcement have reported this practice in 12 of the 19 states in which Acadia operates

Case ID: 250800275

psychiatric hospitals. Judges have ultimately mandated that Acadia release patients in many cases.[1]

11. To persuade insurance companies to cover these medically unnecessary extended stays, Acadia has exaggerated patients' symptoms, changed their medication dosages, and even argued that they are not well enough to discharge because they did not finish a meal. Acadia also instructs its providers to use and avoid particular language in patient charts. For example, providers are encouraged to use the word "combative" and discouraged from using the words "calm" and "compliant."[2]

12. As a result of Acadia's involuntary detentions, patients have lost jobs and become afraid to seek help for mental health concerns.[3]

13. Furthermore, health inspectors have found evidence of denial of therapy and/or medications, unsanitary conditions, rape, and assault in Acadia's facilities.[4]

14. Following the *New York Times* article, the Department of Justice intervened and opened an investigation on Acadia.[5]

15. Ultimately, Acadia paid nearly $20 million to settle the Department of Justice's allegations that it held patients in its facilities longer than medically necessary for financial gain.[6]

16. Former patients from Acadia facilities throughout the United States have come forward with stories of sexual abuse similar to Plaintiff's.[7]

17. In April 2025, *The New York Times* reported on the disturbing prevalence of suicide and sexual abuse at Acadia facilities. The investigation revealed rampant, nationwide

---

[1] How a Leading Chain of Psychiatric Hospitals Traps Patients, *The New York Times*, (September 2024), https://www.nytimes.com/2024/09/01/business/acadia-psychiatric-patients-trapped.html

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] Acadia Healthcare Says It Faces New Federal Investigations, *The New York Times*, (September 2024), https://www.nytimes.com/2024/09/27/business/acadia-federal-investigations.html

[6] Acadia Healthcare Company, Inc. to Pay $19.85M to Settle Allegations Relating to Medically Unnecessary Inpatient Behavioral Health Services, (September 2024), https://www.justice.gov/archives/opa/pr/acadia-healthcare-company-inc-pay-1985m-settle-allegations-relating-medically-unnecessary

[7] Letter: The alarming pattern of abuse at Acadia Healthcare Facilities, (May 2025), https://sgfcitizen.org/voices-opinion/letters/letter-the-alarming-pattern-of-abuse-at-acadia-healthcare-facilities/

Case ID: 250800275

abuse in Acadia facilities, including sexual abuse and child abuse, such as encouraging youth to participate in "fight clubs."[8]

18. Timberline Knolls Residential Treatment Center is one example of the scope and history of sexual abuse at Acadia facilities. That facility was plagued by allegations of rape from 2018 until it closed in February 2025.[9]

19. For example, in August 2024, a former Timberline Knolls patient brought a lawsuit claiming she was raped multiple times over the course of her stay at the facility,[10] and in 2023, police were called to Timberline Knolls 519 times.[11]

20. While it was open, Timberline Knolls prided itself on its "transformative care and successfully treated more than 26,000 women and adolescent girls."[12]

21. Similarly, White Deer Run of Lehigh promises patients comprehensive care, personalized treatment, and professional excellence. White Deer Run Treatment Network also claims to embrace "five core values:" respect, integrity, accountability, responsibility, and excellence.[13]

22. As described in further detail below, Acadia's, White Deer Run Treatment Network's, and White Deer Run of Lehigh's continued violations of their own principles and philosophies have caused irreversible harm for many patients, including Plaintiff.

## PARTIES

23. Plaintiff is an adult resident of the Commonwealth of Pennsylvania.

24. At the time Plaintiff was abused, Plaintiff was a patient and/or resident at White Deer Run of Lehigh in Bethlehem, Pennsylvania, and the sexual, physical, and/or emotional abuse to which Plaintiff was subjected took place in or around Bethlehem, Pennsylvania.

---

[8] Suicide and Rape at a Prized Mental Health Care Center, *The New York Times*, (April 2025), https://www.nytimes.com/2025/04/22/business/acadia-timberline-knolls-suicide-rape.html
[9] Acadia Healthcare Faces New Scrutiny Over Alleged Abuse at Shuttered Facility, *Behavioral Health Business*, (April 2025), https://bhbusiness.com/2025/04/22/acadia-healthcare-faces-new-scrutiny-over-alleged-abuse-at-shuttered-facility/
[10] *Id.*
[11] Suicide and Rape at a Prized Mental Health Care Center, *The New York Times*, (April 2025), https://www.nytimes.com/2025/04/22/business/acadia-timberline-knolls-suicide-rape.html
[12] *Id.*
[13] Our Treatment Philosophy, (2025), https://www.whitedeerrun.com/about/philosophy/

Case ID: 250800275

25. As a result of the sexual, physical, and/or emotional abuse to which Plaintiff was subjected, Plaintiff suffered damages in the Commonwealth of Pennsylvania.

26. Defendant White Deer Run of Lehigh (or the "Facility") is a 36-bed residential treatment center specialized in detoxification and rehabilitation from substance use disorder. The Facility treats adults exclusively.[14]

27. Defendant White Deer Run of Lehigh is located at 1620 Riverside Drive, Bethlehem, PA 18015.

28. Defendant White Deer Run of Lehigh founded and/or ran and/or supervised and/or operated and/or staffed the Facility.

29. Defendant White Deer Run Treatment Network owns and operates seven substance abuse disorder treatment centers across Pennsylvania.[15]

30. Defendant White Deer Run Treatment Network is headquartered at 220 North Front Street, Suite 4, Philipsburg, PA 16866.

31. Defendant White Deer Run Treatment Network founded and/or ran and/or supervised and/or operated and/or staffed the Facility.

32. Defendant Acadia "provides psychiatric and chemical dependency services to its patient and/or residents in a variety of settings, including inpatient and/or resident psychiatric hospitals, specialty treatment facilities, residential treatment centers, outpatient and/or resident clinics and therapeutic school-based programs" and was founded in 2005.[16]

33. Defendant Acadia is headquartered at 6100 Tower Circle, Suite 1000, Franklin, TN 37067.

34. Defendant White Deer Run of Lehigh is one of approximately 258 behavioral healthcare facilities owned and/or operated by Defendant Acadia.[17]

35. Defendant Acadia founded and/or ran and/or supervised and/or operated and/or staffed the Defendant White Deer Run of Lehigh.

---

[14] White Deer Run Lehigh, (2025), https://www.whitedeerrun.com/about/locations/lehigh/
[15] Pennsylvania's Leading Drug & Alcohol Addiction Rehab Centers, (2025), https://www.whitedeerrun.com/
[16] About Acadia Healthcare, (2025), https://www.acadiahealthcare.com/about/
[17] White Deer Run of Lehigh, (2025), https://www.acadiahealthcare.com/locations/white-deer-run-of-lehigh/ ; About Acadia Healthcare, (2025), https://www.acadiahealthcare.com/about/

Case ID: 250800275

36. Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia are referred to collectively throughout this Complaint as "Defendants" and/or "the Defendants," unless otherwise specified.

37. At all relevant times, Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia were charged with supervising and controlling all staff and/or healthcare providers and/or security personnel and/or employees and/or ostensible agents.

38. At all relevant times, Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia acted by and through their agents, servants, and/or employees, including entities and/or individuals over whom they had control or right of control.

39. Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia had access to and knowledge of information about the sexual, physical, and/or emotional misconduct of staff, healthcare provider(s), counselor(s), and/or clergy, including knowledge of the widespread sexually abusive conduct of staff, employees, healthcare provider(s), counselor(s), agents, and/or clergy at the Facility.

40. At all relevant times, Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia are deemed negligent for the wrongdoing to the same extent as their staff, healthcare provider(s), clergy, employee(s), agent(s), servant(s), representative(s), ostensible agent(s), included all those named specifically below, and/or other staff members.

**SEXUAL ABUSE OF PLAINTIFF**

41. At all times relevant to the wrongful conduct complained of herein, Plaintiff was a patient and/or resident under the care of Defendants and their agents and officers, who were responsible for Plaintiff's care and safety.

42. Plaintiff did not consent to any of the sexual contact complained of herein. The sexual conduct complained of herein was accomplished via forcible compulsion, undue influence, duress, coercion, intimidation, and/or threat of physical harm and/or retaliation.

8

Case ID: 250800275

A.    <u>**Sexual Abuse of Plaintiff**</u>

43. When Plaintiff was a patient and/or resident at the Facility, a male staff member and/or employee and/or agent, whom she believes to be named James Castle ("Mr. Castle"), who was at all relevant times an employee of Defendants, sexually abused Plaintiff in approximately 2024.

44. Mr. Castle was at all relevant times an approximately 6'2" tall Black male, approximately 300 pounds with short, grey hair.  Mr. Castle was approximately sixty to seventy years old.  Mr. Castle typically worked the night shift. Plaintiff expects to learn the full name and identity of Mr. Castle during discovery.

45. At all relevant times, Mr. Castle acted as a staff member, an employee, an agent, a servant, a representative, and/or ostensible agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia, and was engaged to perform services for the same Defendants, and was subject to the same Defendants' oversight, supervision, management, direction, control, ostensible control, and/or right to control the physical conduct required to perform any such services.

46. Defendants White Deer Run of Lehigh, White Deer Run Treatment Network, and Acadia were the principals of Mr. Castle.

47. Mr. Castle acted as a staff member, an employee, an agent, a servant, a representative, and/or an ostensible agent of the Defendants, and acted negligently while in the scope of his duties or authority such that the negligence as a matter of law is charged to the principal (here, the Defendants).

48. In approximately 2024, when Plaintiff was a patient and/or resident at the Facility, Mr. Castle sexually abused Plaintiff.

49. Plaintiff sought care for substance abuse disorder at the Facility from approximately November 5, 2024 through December 2, 2024.

50. Upon information and belief, Plaintiff met Mr. Castle on or around the evening of November 5, 2024, her first night at the Facility.

51. Mr. Castle was often the only staff member present in the Facility at night. One nurse was also typically present at night.

9

52. Mr. Castle frequently made inappropriate and intimate comments to Plaintiff. For example, on several occasions, Mr. Castle called Plaintiff "sexy." Mr. Castle also intimated that he would like to have sex with Plaintiff, and on at least one occasion he used sexual innuendo in referring to "the things [Mr. Castle] could do to [Plaintiff]."

53. Mr. Castle also groomed and attempted to build a relationship with Plaintiff by bringing her cigarettes, food, and other items.

54. Plaintiff was afraid to leave her room at night because she worried she might encounter Mr. Castle.

55. One night, Plaintiff did leave her room to see the nurse.

56. Mr. Castle saw Plaintiff and reprimanded her for leaving her room at night.

57. Mr. Castle then told Plaintiff to follow him and led her to the bathroom.

58. Plaintiff was afraid of Mr. Castle because he was a very large man. Because she was afraid, Plaintiff followed Mr. Castle as instructed.

59. Once in the bathroom, Mr. Castle demanded that Plaintiff "suck [his] dick." Plaintiff was afraid of Mr. Castle because of his size, so she complied.

60. Plaintiff performed oral sex on Mr. Castle as he demanded.

61. After the abuse, Mr. Castle called Plaintiff a "good girl" and instructed her not to tell anyone about the abuse.

62. Plaintiff returned to her room and told her roommate about Mr. Castle's abuse. A few days later, Plaintiff and her roommate reported the abuse to Plaintiff's counselor.

63. As a result of the sexual and/or emotional and/or physical abuse she suffered at the Facility, Plaintiff suffered depression, anxiety, post-traumatic stress disorder, and noticeable changes to her personality.

64. Mr. Castle used his position of authority over Plaintiff as an agent of Defendants to manipulate and/or to groom Plaintiff when Plaintiff was a patient and/or resident at the Facility.

65. Mr. Castle committed abuse of Plaintiff in and around Bethlehem, PA.

66. During his time as a staff member and/or officer and/or a guard and/or security personnel and/or an employee and/or ostensible agent who was hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the Defendants, Mr. Castle was a serial

Case ID: 250800275

sexual, physical, and/or emotional abuser of patients and/or residents, including Plaintiff.

67. At all relevant times, Defendants knew or should have known that Mr. Castle sexually, physically, and/or emotionally abused patients and/or residents and/or was not fit to serve as a staff member and/or an officer and/or security personnel and/or an employee and/or an ostensible agent.

68. At all relevant times, Defendants knew or should have known that Mr. Castle abused Plaintiff and/or other patients and/or residents at the Facility in Bethlehem, Pennsylvania, and other locations visited by and/or related to Facility activities, events and/or duties.

69. At all relevant times, Defendants took no action and/or failed to timely and adequately take action to warn or otherwise to protect patients and/or residents of the Defendants from Mr. Castle.

70. At all relevant times, and as a result of the sexual, physical, and/or emotional abuse of Plaintiff by Mr. Castle, Plaintiff suffered from shame, humiliation, embarrassment, confusion, and difficulties starting and/or maintaining personal/romantic/intimate relationships.

71. As a result of the sexual, physical, and/or emotional abuse described in the previous paragraphs, Plaintiff suffered great and permanent harm, including, but not limited to: severe emotional distress, trauma, depression, anxiety, post-traumatic stress disorder symptoms, humiliation, embarrassment, fear, shame, emotional disassociation, and/or loss of self-esteem and self-worth, all of which has required or will require and/or continue to require counseling, therapy, and/or other treatment.

72. Also, as a result of the sexual, physical, and/or emotional abuse described in the preceding paragraphs, in addition to its consequential trauma, Plaintiff has incurred significant past loss of wages and future loss of earning capacity to her permanent detriment.

73. The sexual, physical, and/or emotional abuse described in the preceding paragraphs and its consequential trauma caused Plaintiff to suppress and/or emotional dissociate her feelings about her traumatic experience, which exacerbated its psychological, physical, and social consequences.

11

Case ID: 250800275

74. As described throughout this Complaint, Plaintiff's severe, permanent, and ongoing harm and damages were caused by the culpable acts and/or omissions of Defendants.

75. As described through this Complaint, the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, individually, jointly, and/or severally, was a direct and proximate cause of harm and damages to Plaintiff.

76. Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, as described fully throughout this Complaint, and were not caused or contributed thereto by any negligence, gross negligence, recklessness, and/or punitive behavior on the part of the Plaintiff.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENCE

### MICHELLE RUNKLE V. WHITE DEER RUN OF LEHIGH

77. The previous paragraphs set forth above are incorporated herein by reference.

78. At all relevant times, Defendant White Deer Run of Lehigh founded, owned, operated, supervised, managed, controlled, and/or staffed the Facility, and employed and/or controlled its employees, who were Defendant White Deer Run of Lehigh's actual and/or ostensible agents.

79. The recklessness, negligence, and/or carelessness of Defendant White Deer Run of Lehigh, by and through its actual or apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, directed, administrated, and/or otherwise controlled by and for said Defendant White Deer Run of Lehigh, consisted of, among other things, the following:

    a. Failing to screen Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) properly and/or adequately before placing them in close contact with patients and/or residents;

12

Case ID: 250800275

b.  Failing to investigate properly complaints of sexual, physical, and/or emotional abuse, inappropriate behavior, and/or other abusive behavior;

c.  Minimizing, ignoring, or excusing inappropriate or questionable behavior and/or misconduct by Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) over a period of months, years, and/or decades;

d.  Failure to warn judges, probation officers, court officials, law enforcement, patients and/or residents, family members, community members, and/or the public at large properly, including, but not limited to, Plaintiff and similarly situated patients and/or residents, and their family members, about the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

e.  Failure to immediately and orally report the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) to law enforcement pursuant to 55 Pa. Code § 2600.15.

f.  Assigning Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be sexual predators and/or physical abusers, including, but not limited to, Mr. Castle, and/or other staff members to a position within the Facility where said individual(s) had/have regular contact with patients and/or residents;

g.  Negligent failure to provide a safe environment and protective culture to patients and/or residents within the campus, resident halls, bathrooms,

13

classrooms, and/or other external locations operated, visited, and/or owned by Defendants;

h. Failure to establish, implement, and maintain proper and effective policies and procedures to prevent sexual, physical, and/or emotional abuse of and/or other abusive behavior toward patients and/or residents;

i. Failure to train Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) properly to identify signs of inappropriate sexually related behavior to patients and/or residents and/or physical and/or emotional abuse of patients and/or residents by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

j. Negligent retention of and/or failure to terminate Mr. Castle, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated with White Deer Run of Lehigh, promoting a culture and environment of complicity, denial, and deception regarding sexual abuse at the Facility;

k. Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

l. Recklessly, negligently, and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationships between Plaintiff, Mr. Castle, and/or other staff members;

m. Recklessly, negligently, and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship(s) between Facility staff, including, but not limited to, Mr. Castle, and/or other staff members and Plaintiff;

n. Recklessly, negligently, and/or carelessly failing to recognize the conduct of Mr. Castle, and/or other staff members, and behavior prior to the alleged abusive events herein as creating a risk of sexual, physical, and/or emotional abuse toward patients and/or residents, including, but not limited to, Plaintiff;

14

Case ID: 250800275

o.  Recklessly, negligently, and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Plaintiff, Mr. Castle, and/or other staff members;

p.  Failing to investigate complaints that Mr. Castle, and/or other staff members behaved inappropriately and/or touched patients and/or residents inappropriately, including, but not limited to, Plaintiff;

q.  Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members as sexual, physical, and/or emotional abusers;

r.  Recklessly, negligently, and/or carelessly failing to investigate behavior of Mr. Castle, and/or other staff members that put the Defendants on notice and/or should have put Defendants on notice that Mr. Castle, and/or other staff members might have been abusers and/or sexual predators;

s.  Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members were potential sexual predators;

t.  Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of White Deer Run of Lehigh;

u.  Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of White Deer Run of Lehigh;

v.  Violating 55 Pa. Code § 2600.42 outlining residents' rights in personal care homes, specifically 55 Pa. Code § 2600.42(b), providing that "[a] resident may not be neglected, intimidated, physically or verbally abused, mistreated, subjected to corporal punishment or disciplined in any way" and 55 Pa. Code § 2600.42(c), providing that "[a] resident shall be treated with dignity and respect."

w.  Threatening the residents of the Facility with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment if the abuse was reported;

x.  Preventing Facility patients and/or residents from seeking appropriate medical attention for injuries caused by White Deer Run of Lehigh staff;

15

y.   Preventing Facility patients and/or residents from honestly disclosing the causes of their injuries to medical personnel;

z.   Violating state standards for personal care homes.

80. Defendant White Deer Run of Lehigh was negligent under the facts as detailed within this Complaint in that Defendant White Deer Run of Lehigh failed to use a degree of care, precaution, and vigilance that a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also, the negligent omission or failure to act and/or to take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

81. The actions of Mr. Castle, and/or other staff members as described in this Complaint are evidence of negligence per se attributable to Defendant White Deer Run of Lehigh.

82. Defendant White Deer Run of Lehigh is vicariously liable for both the negligent and intentional acts of Mr. Castle, and/or other staff members where it is widely known that there is vulnerability of patients and/or residents and a public policy to protect said patients and/or residents from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said patients and/or residents, such as the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run of Lehigh individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT II

## NEGLIGENCE

### MICHELLE RUNKLE V. WHITE DEER RUN TREATMENT NETWORK

83. The previous paragraphs set forth above are incorporated herein by reference.

84. At all relevant times, Defendant White Deer Run Treatment Network founded, owned, operated, supervised, managed, controlled, and/or staffed the Facility, and employed

16

Case ID: 250800275

and/or controlled its employees, who were Defendant White Deer Run Treatment Network's actual and/or ostensible agents.

85. The recklessness, negligence, and/or carelessness of Defendant White Deer Run Treatment Network, by and through its actual or apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, directed, administrated, and/or otherwise controlled by and for said Defendant White Deer Run Treatment Network, consisted of, among other things, the following:

    a. Failing to screen Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) properly and/or adequately before placing them in close contact with patients and/or residents;

    b. Failing to investigate properly complaints of sexual, physical, and/or emotional abuse, inappropriate behavior, and/or other abusive behavior;

    c. Minimizing, ignoring, or excusing inappropriate or questionable behavior and/or misconduct by Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) over a period of months, years, and/or decades;

    d. Failure to warn judges, probation officers, court officials, law enforcement, patients and/or residents, family members, community members, and/or the public at large properly, including, but not limited to, Plaintiff and similarly situated patients and/or residents, and their family members, about the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

    e. Failure to immediately and orally report the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff,

Case ID: 250800275

healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) to law enforcement pursuant to 55 Pa. Code § 2600.15.

f.  Assigning Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be sexual predators and/or physical abusers, including, but not limited to, Mr. Castle, and/or other staff members to a position within the Facility where said individual(s) had/have regular contact with patients and/or residents;

g.  Negligent failure to provide a safe environment and protective culture to patients and/or residents within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendants;

h.  Failure to establish, implement, and maintain proper and effective policies and procedures to prevent sexual, physical, and/or emotional abuse of and/or other abusive behavior toward patients and/or residents;

i.  Failure to train Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) properly to identify signs of inappropriate sexually related behavior to patients and/or residents and/or physical and/or emotional abuse of patients and/or residents by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

j.  Negligent retention of and/or failure to terminate Mr. Castle, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated with the Facility, promoting a culture and environment of complicity, denial, and deception regarding sexual abuse at the Facility;

k.  Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

18

Case ID: 250800275

l.  Recklessly, negligently, and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationships between Plaintiff, Mr. Castle, and/or other staff members;

m.  Recklessly, negligently, and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship(s) between Facility staff, including, but not limited to, Mr. Castle, and/or other staff members and Plaintiff;

n.  Recklessly, negligently, and/or carelessly failing to recognize the conduct of Mr. Castle, and/or other staff members, and behavior prior to the alleged abusive events herein as creating a risk of sexual, physical, and/or emotional abuse toward patients and/or residents, including, but not limited to, Plaintiff;

o.  Recklessly, negligently, and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Plaintiff, Mr. Castle, and/or other staff members;

p.  Failing to investigate complaints that Mr. Castle, and/or other staff members behaved inappropriately and/or touched patients and/or residents inappropriately, including, but not limited to, Plaintiff;

q.  Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members as sexual, physical, and/or emotional abusers;

r.  Recklessly, negligently, and/or carelessly failing to investigate behavior of Mr. Castle, and/or other staff members that put the Defendants on notice and/or should have put Defendants on notice that Mr. Castle, and/or other staff members might have been abusers and/or sexual predators;

s.  Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members were potential sexual predators;

t.  Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of the Facility;

u.  Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of the Facility;

19

Case ID: 250800275

    v.  Violating 55 Pa. Code § 2600.42 outlining residents' rights in personal care homes, specifically 55 Pa. Code § 2600.42(b), providing that "[a] resident may not be neglected, intimidated, physically or verbally abused, mistreated, subjected to corporal punishment or disciplined in any way" and 55 Pa. Code § 2600.42(c), providing that "[a] resident shall be treated with dignity and respect."

    w.  Threatening the residents of the Facility with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment if the abuse was reported;

    x.  Preventing Facility patients and/or residents from seeking appropriate medical attention for injuries caused by Facility staff;

    y.  Preventing Facility patients and/or residents from honestly disclosing the causes of their injuries to medical personnel;

    z.  Violating state standards for personal care homes.

86. Defendant White Deer Run Treatment Network was negligent under the facts as detailed within this Complaint in that Defendant White Deer Run Treatment Network failed to use a degree of care, precaution, and vigilance that a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also, the negligent omission or failure to act and/or to take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

87. The actions of Mr. Castle, and/or other staff members as described in this Complaint are evidence of negligence per se attributable to Defendant White Deer Run Treatment Network.

88. Defendant White Deer Run Treatment Network is vicariously liable for both the negligent and intentional acts of Mr. Castle, and/or other staff members where it is widely known that there is vulnerability of patients and/or residents and a public policy to protect said patients and/or residents from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said patients and/or residents, such as the Defendants.

20

Case ID: 250800275

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run Treatment Network individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT III

## NEGLIGENCE

## MICHELLE RUNKLE v. ACADIA HEALTHCARE COMPANY, INC.

89. The previous paragraphs set forth above are incorporated herein by reference.

90. At all relevant times, Defendant Acadia Healthcare Company, Inc. founded, owned, operated, supervised, managed, controlled, and/or staffed the Facility, and employed and/or controlled its employees, who were Defendant Acadia Healthcare Company, Inc.'s actual and/or ostensible agents.

91. The recklessness, negligence, and/or carelessness of Defendant Acadia Healthcare Company, Inc., by and through its actual or apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, directed, administrated, and/or otherwise controlled by and for said Defendant Acadia Healthcare Company, Inc., consisted of, among other things, the following:

    a. Failing to screen Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) properly and/or adequately before placing them in close contact with patients and/or residents;

    b. Failing to investigate properly complaints of sexual, physical, and/or emotional abuse, inappropriate behavior, and/or other abusive behavior;

    c. Minimizing, ignoring, or excusing inappropriate or questionable behavior and/or misconduct by Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) over a period of months, years, and/or decades;

Case ID: 250800275

d.  Failure to warn judges, probation officers, court officials, law enforcement, patients and/or residents, family members, community members, and/or the public at large properly, including, but not limited to, Plaintiff and similarly situated patients and/or residents, and their family members, about the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

e.  Failure to immediately and orally report the inappropriate behavior and/or misconduct of Mr. Castle, other Defendants, and/or other abusive staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) to law enforcement pursuant to 55 Pa. Code § 2600.15.

f.  Assigning Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be sexual predators and/or physical abusers, including, but not limited to, Mr. Castle, and/or other staff members to a position within the Facility where said individual(s) had/have regular contact with patients and/or residents;

g.  Negligent failure to provide a safe environment and protective culture to patients and/or residents within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendants;

h.  Failure to establish, implement, and maintain proper and effective policies and procedures to prevent sexual, physical, and/or emotional abuse of and/or other abusive behavior toward patients and/or residents;

i.  Failure to train Facility staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or

22

ostensible agent(s) properly to identify signs of inappropriate sexually related behavior to patients and/or residents and/or physical and/or emotional abuse of patients and/or residents by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

j.   Negligent retention of and/or failure to terminate Mr. Castle, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated with the Facility, promoting a culture and environment of complicity, denial, and deception regarding sexual abuse at the Facility;

k.   Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

l.   Recklessly, negligently, and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationships between Plaintiff, Mr. Castle, and/or other staff members;

m.   Recklessly, negligently, and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship(s) between Facility staff, including, but not limited to, Mr. Castle, and/or other staff members and Plaintiff;

n.   Recklessly, negligently, and/or carelessly failing to recognize the conduct of Mr. Castle, and/or other staff members, and behavior prior to the alleged abusive events herein as creating a risk of sexual, physical, and/or emotional abuse toward patients and/or residents, including, but not limited to, Plaintiff;

o.   Recklessly, negligently, and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Plaintiff, Mr. Castle, and/or other staff members;

p.   Failing to investigate complaints that Mr. Castle, and/or other staff members behaved inappropriately and/or touched patients and/or residents inappropriately, including, but not limited to, Plaintiff;

q.   Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members as sexual, physical, and/or emotional abusers;

Case ID: 250800275

r.  Recklessly, negligently, and/or carelessly failing to investigate behavior of Mr. Castle, and/or other staff members that put the Defendants on notice and/or should have put Defendants on notice that Mr. Castle, and/or other staff members might have been abusers and/or sexual predators;

s.  Recklessly, negligently, and/or carelessly failing to identify Mr. Castle, and/or other staff members were potential sexual predators;

t.  Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of the Facility;

u.  Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of patients and/or residents in the care of the Facility;

v.  Violating 55 Pa. Code § 2600.42 outlining residents' rights in personal care homes, specifically 55 Pa. Code § 2600.42(b), providing that "[a] resident may not be neglected, intimidated, physically or verbally abused, mistreated, subjected to corporal punishment or disciplined in any way" and 55 Pa. Code § 2600.42(c), providing that "[a] resident shall be treated with dignity and respect."

w.  Threatening the residents of the Facility with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment if the abuse was reported;

x.  Preventing Facility patients and/or residents from seeking appropriate medical attention for injuries caused by Facility staff;

y.  Preventing Facility patients and/or residents from honestly disclosing the causes of their injuries to medical personnel;

z.  Violating state standards for personal care homes.

92.  Defendant Acadia Healthcare Company, Inc. was negligent under the facts as detailed within this Complaint in that Defendant Acadia Healthcare Company, Inc. failed to use a degree of care, precaution, and vigilance that a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also, the negligent omission or failure to act and/or

24

to take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

93. The actions of Mr. Castle, and/or other staff members as described in this Complaint are evidence of negligence per se attributable to Defendant Acadia Healthcare Company, Inc.

94. Defendant Acadia Healthcare Company, Inc. is vicariously liable for both the negligent and intentional acts of Mr. Castle, and/or other staff members where it is widely known that there is vulnerability of patients and/or residents and a public policy to protect said patients and/or residents from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said patients and/or residents, such as the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Acadia Healthcare Company, Inc. individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT IV

## NEGLIGENT SUPERVISION

## MICHELLE RUNKLE V. WHITE DEER RUN OF LEHIGH

95. The previous paragraphs set forth above are incorporated herein by reference.

96. Defendant White Deer Run of Lehigh knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in their relationships with patients and/or residents.

97. Defendant White Deer Run of Lehigh knew or should have known of the particular risk posed by Mr. Castle, and/or other staff members based on, among other things, their inappropriate and/or questionable conduct, their histories of sexually, physically, and/or emotionally abusing patients and/or residents, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a patient and/or resident, including the abuse of Plaintiff by Mr. Castle.

Case ID: 250800275

98. The negligence, carelessness, and/or recklessness of Defendant White Deer Run of Lehigh for the conduct of its actual and apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members consists of one or more of the following:

    a.  Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or healthcare providers in the employ of the Facility and/or Defendants;

    b.  Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members and their relationship(s) with Plaintiff; and

    c.  Failing to investigate and supervise Mr. Castle, and/or other staff members and his/their relationship(s) with Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant White Deer Run of Lehigh individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT V

## NEGLIGENT SUPERVISION

## MICHELLE RUNKLE V. WHITE DEER RUN TREATMENT NETWORK

99. The previous paragraphs set forth above are incorporated herein by reference.

100.  Defendant White Deer Run Treatment Network knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in their relationships with patients and/or residents.

Case ID: 250800275

101.    Defendant White Deer Run Treatment Network knew or should have known of the particular risk posed by Mr. Castle, and/or other staff members based on, among other things, their inappropriate and/or questionable conduct, their histories of sexually, physically, and/or emotionally abusing patients and/or residents, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a patient and/or resident, including the abuse of Plaintiff by Mr. Castle.

102.    The negligence, carelessness, and/or recklessness of Defendant White Deer Run Treatment Network for the conduct of its actual and apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members consists of one or more of the following:

    a.    Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or healthcare providers in the employ of the Facility and/or Defendants;

    b.    Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members and their relationship(s) with Plaintiff; and

    c.    Failing to investigate and supervise Mr. Castle, and/or other staff members and his/their relationship(s) with Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant White Deer Run Treatment Network individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

Case ID: 250800275

## COUNT VI

## NEGLIGENT SUPERVISION

## MICHELLE RUNKLE V. ACADIA HEALTHCARE COMPANY, INC.

103. The previous paragraphs set forth above are incorporated herein by reference.

104. Defendant Acadia Healthcare Company, Inc. knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in their relationships with patients and/or residents.

105. Defendant Acadia Healthcare Company, Inc. knew or should have known of the particular risk posed by Mr. Castle, and/or other staff members based on, among other things, their inappropriate and/or questionable conduct, their histories of sexually, physically, and/or emotionally abusing patients and/or residents, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a patient and/or resident, including the abuse of Plaintiff by Mr. Castle.

106. The negligence, carelessness, and/or recklessness of Defendant Acadia Healthcare Company, Inc. for the conduct of its actual and apparent staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s) in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members consists of one or more of the following:

　　a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or healthcare providers in the employ of the Facility and/or Defendants;

　　b. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Mr. Castle, and/or other staff members and their relationship(s) with Plaintiff; and

Case ID: 250800275

      c.   Failing to investigate and supervise Mr. Castle, and/or other staff members and his/their relationship(s) with Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Acadia Healthcare Company, Inc. individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**COUNT VII**

**NEGLIGENT HIRING AND RETENTION**

**MICHELLE RUNKLE V. WHITE DEER RUN OF LEHIGH**

107.    The previous paragraphs set forth above are incorporated herein by reference.

108.    Defendant White Deer Run of Lehigh knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, and/or other staff members that Plaintiff and other patients and/or residents affiliated and/or associated with the Facility were vulnerable to and/or potential victims of sexual, physical, and/or emotional abuse.

109.    Defendant White Deer Run of Lehigh knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, that the access to vulnerable patients, together with the trust and authority placed in staff, makes working at a residential rehabilitation facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit patients and/or residents.

110.    Defendant White Deer Run of Lehigh owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), situated in and/or located at the Defendants' Facility, and specifically a duty to be on alert for possible sexual predators and others seeking to abuse and exploit patients and/or residents.

111.    Defendant White Deer Run of Lehigh failed to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of Mr. Castle, and/or other staff members by, among other things:

29

Case ID: 250800275

a.  Failing to conduct a thorough and proper background check of Mr. Castle, and/or other staff members;

b.  Failing to investigate the sexual histories of Mr. Castle and/or other staff members reasonably and thoroughly;

c.  Failing to learn of or investigate the histories of sexual impropriety of Mr. Castle and/or other staff members, their proclivities to sexually assault vulnerable patients and/or physically and/or emotionally abuse patients and/or residents;

d.  Failing to conduct a thorough and proper interview with Mr. Castle, and/or other staff members;

e.  Failing to use due care in the selection of Mr. Castle, and/or other staff members as a staff member/staff members rendering rehabilitation services, and/or all other services rendered when interacting with patients and/or residents;

f.  Failure to use due care in the retention of Mr. Castle, and/or other staff members as staff members rendering rehabilitative services, and/or all other services rendered when interacting with patients and/or residents;

g.  Recklessly, negligently, and/or carelessly failing to conduct an adequate background check on Mr. Castle, and/or other staff members before hiring him/her/them as staff rendering rehabilitative services interacting with patients and/or residents;

h.  Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen staff for the possibility of being sexual predators and/or physical and/or emotional abusers;

i.  Failing to adopt and publish appropriate grievance procedures for the prompt and equitable resolution of sexual related complaints;

j.  Failing to disseminate, educate, make known, implement, and enforce an appropriate policy against sexual abuse;

k.  Failing to have in place a "zero tolerance" policy at the Facility; and

l.  Failing to give adequate training to staff members so that they would be able to properly identify and report warning signs of sexual abuse.

30

Case ID: 250800275

**WHEREFORE**, Plaintiff demands judgment against Defendant White Deer Run of Lehigh individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**COUNT VIII**

**NEGLIGENT HIRING AND RETENTION**

**MICHELLE RUNKLE V. WHITE DEER RUN TREATMENT NETWORK**

112.    The previous paragraphs set forth above are incorporated herein by reference.

113.    Defendant White Deer Run Treatment Network knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, and/or other staff members that Plaintiff and other patients and/or residents affiliated and/or associated with the Facility were vulnerable to and/or potential victims of sexual, physical, and/or emotional abuse.

114.    Defendant White Deer Run Treatment Network knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, that the access to vulnerable patients, together with the trust and authority placed in staff, makes working at a residential rehabilitation facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit patients and/or residents.

115.    Defendant White Deer Run Treatment Network owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), situated in and/or located at the Defendants' Facility, and specifically a duty to be on alert for possible sexual predators and others seeking to abuse and exploit patients and/or residents.

116.    Defendant White Deer Run Treatment Network failed to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of Mr. Castle, and/or other staff members by, among other things:

    a.    Failing to conduct a thorough and proper background check of Mr. Castle, and/or other staff members;

31

Case ID: 250800275

    b.  Failing to investigate the sexual histories of Mr. Castle and/or other staff members reasonably and thoroughly;

    c.  Failing to learn of or investigate the histories of sexual impropriety of Mr. Castle and/or other staff members, their proclivities to sexually assault vulnerable patients and/or physically and/or emotionally abuse patients and/or residents;

    d.  Failing to conduct a thorough and proper interview with Mr. Castle, and/or other staff members;

    e.  Failing to use due care in the selection of Mr. Castle, and/or other staff members as a staff member/staff members rendering rehabilitation services, and/or all other services rendered when interacting with patients and/or residents;

    f.  Failure to use due care in the retention of Mr. Castle, and/or other staff members as staff members rendering rehabilitative services, and/or all other services rendered when interacting with patients and/or residents;

    g.  Recklessly, negligently, and/or carelessly failing to conduct an adequate background check on Mr. Castle, and/or other staff members before hiring him/her/them as staff rendering rehabilitative services interacting with patients and/or residents;

    h.  Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen staff for the possibility of being sexual predators and/or physical and/or emotional abusers;

    i.  Failing to adopt and publish appropriate grievance procedures for the prompt and equitable resolution of sexual related complaints;

    j.  Failing to disseminate, educate, make known, implement, and enforce an appropriate policy against sexual abuse;

    k.  Failing to have in place a "zero tolerance" policy at the Facility; and

    l.  Failing to give adequate training to staff members so that they would be able to properly identify and report warning signs of sexual abuse.

    **WHEREFORE**, Plaintiff demands judgment against Defendant White Deer Run Treatment Network individually, jointly, and/or severally, in an amount in excess of Fifty

Case ID: 250800275

Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT IX

## NEGLIGENT HIRING AND RETENTION

## MICHELLE RUNKLE v. ACADIA HEALTHCARE COMPANY, INC.

117.   The previous paragraphs set forth above are incorporated herein by reference.

118.   Defendant Acadia Healthcare Company, Inc. knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, and/or other staff members that Plaintiff and other patients and/or residents affiliated and/or associated with the Facility were vulnerable to and/or potential victims of sexual, physical, and/or emotional abuse.

119.   Defendant Acadia Healthcare Company, Inc. knew or should have known prior to and/or contemporaneously with the relevant time frame during which Plaintiff was sexually abused by Mr. Castle, that the access to vulnerable patients, together with the trust and authority placed in staff, makes working at a residential rehabilitation facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit patients and/or residents.

120.   Defendant Acadia Healthcare Company, Inc. owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of staff, healthcare provider(s), counselor(s), clergy, employee(s), agent(s), servant(s), representative(s), officer(s), security, and/or ostensible agent(s), situated in and/or located at the Defendants' Facility, and specifically a duty to be on alert for possible sexual predators and others seeking to abuse and exploit patients and/or residents.

121.   Defendant Acadia Healthcare Company, Inc. failed to exercise reasonable care in the hiring, certifying, assignment, control, selection, and/or retention of Mr. Castle, and/or other staff members by, among other things:

   a.   Failing to conduct a thorough and proper background check of Mr. Castle, and/or other staff members;

Case ID: 250800275

b. Failing to investigate the sexual histories of Mr. Castle and/or other staff members reasonably and thoroughly;

c. Failing to learn of or investigate the histories of sexual impropriety of Mr. Castle and/or other staff members, their proclivities to sexually assault vulnerable patients and/or physically and/or emotionally abuse patients and/or residents;

d. Failing to conduct a thorough and proper interview with Mr. Castle, and/or other staff members;

e. Failing to use due care in the selection of Mr. Castle, and/or other staff members as a staff member/staff members rendering rehabilitation services, and/or all other services rendered when interacting with patients and/or residents;

f. Failure to use due care in the retention of Mr. Castle, and/or other staff members as staff members rendering rehabilitative services, and/or all other services rendered when interacting with patients and/or residents;

g. Recklessly, negligently, and/or carelessly failing to conduct an adequate background check on Mr. Castle, and/or other staff members before hiring him/her/them as staff rendering rehabilitative services interacting with patients and/or residents;

h. Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen staff for the possibility of being sexual predators and/or physical and/or emotional abusers;

i. Failing to adopt and publish appropriate grievance procedures for the prompt and equitable resolution of sexual related complaints;

j. Failing to disseminate, educate, make known, implement, and enforce an appropriate policy against sexual abuse;

k. Failing to have in place a "zero tolerance" policy at the Facility; and

l. Failing to give adequate training to staff members so that they would be able to properly identify and report warning signs of sexual abuse.

**WHEREFORE**, Plaintiff demands judgment against Defendant Acadia Healthcare Company, Inc. individually, jointly, and/or severally, in an amount in excess of Fifty Thousand

34

Case ID: 250800275

Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT X

### GROSS NEGLIGENCE

### MICHELLE RUNKLE V. WHITE DEER RUN OF LEHIGH

122.   The previous paragraphs set forth above are incorporated herein by reference.

123.   Defendant White Deer Run of Lehigh was grossly negligent under the facts detailed within this Complaint in that the Defendants acted in a palpably unreasonable manner, in an outlandish fashion, and with flagrant disregard for the safety, rights, and well-being of others.

124.   Defendant White Deer Run of Lehigh failed to exercise slight care or diligence under the circumstances and facts detailed in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run of Lehigh individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT XI

### GROSS NEGLIGENCE

### MICHELLE RUNKLE V. WHITE DEER RUN TREATMENT NETWORK

125.   The previous paragraphs set forth above are incorporated herein by reference.

126.   Defendant White Deer Run Treatment Network was grossly negligent under the facts detailed within this Complaint in that the Defendants acted in a palpably unreasonable manner, in an outlandish fashion, and with flagrant disregard for the safety, rights, and well-being of others.

127.   Defendant White Deer Run Treatment Network failed to exercise slight care or diligence under the circumstances and facts detailed in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run Treatment Network individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-

Case ID: 250800275

judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT XII

## GROSS NEGLIGENCE

## MICHELLE RUNKLE v. ACADIA HEALTHCARE COMPANY, INC.

128. The previous paragraphs set forth above are incorporated herein by reference.

129. Defendant Acadia Healthcare Company, Inc. was grossly negligent under the facts detailed within this Complaint in that the Defendants acted in a palpably unreasonable manner, in an outlandish fashion, and with flagrant disregard for the safety, rights, and well-being of others.

130. Defendant Acadia Healthcare Company, Inc. failed to exercise slight care or diligence under the circumstances and facts detailed in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Acadia Healthcare Company, Inc. individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT XIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## MICHELLE RUNKLE V. WHITE DEER RUN OF LEHIGH

131. The previous paragraphs set forth above are incorporated herein by reference.

132. At all relevant and material times, Defendant White Deer Run of Lehigh had a duty to exercise reasonable care to protect Plaintiff from harm while Plaintiff was in its care.

133. Defendant White Deer Run of Lehigh had a contractual duty of care to Plaintiff while Plaintiff was under its care.

134. Defendant White Deer Run of Lehigh breached its duties by failing to provide Plaintiff a safe environment and by exposing her to abusive and violent conduct from which she suffered physical and emotional injuries.

135. As a result of the Defendant White Deer Run of Lehigh's failure, Plaintiff's emotional harm was so extreme that a reasonable person should not and cannot be

Case ID: 250800275

expected to endure the resulting stress, which includes, but is not limited to: anxiety, mental anguish, shock, post-traumatic stress, humiliation, embarrassment, stress, sleep related issues, depression, and difficulties in daily life. Plaintiff continues to suffer from this emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run of Lehigh individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT XIV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### MICHELLE RUNKLE V. WHITE DEER RUN TREATMENT NETWORK

136.    The previous paragraphs set forth above are incorporated herein by reference.

137.    At all relevant and material times, Defendant White Deer Run Treatment Network had a duty to exercise reasonable care to protect Plaintiff from harm while Plaintiff was in its care.

138.    Defendant White Deer Run Treatment Network had a contractual duty of care to Plaintiff while Plaintiff was under its care.

139.    Defendant White Deer Run Treatment Network breached its duties by failing to provide Plaintiff a safe environment and by exposing her to abusive and violent conduct from which she suffered physical and emotional injuries.

140.    As a result of the Defendant White Deer Run Treatment Network's failure, Plaintiff's emotional harm was so extreme that a reasonable person should not and cannot be expected to endure the resulting stress, which includes, but is not limited to: anxiety, mental anguish, shock, post-traumatic stress, humiliation, embarrassment, stress, sleep related issues, depression, and difficulties in daily life. Plaintiff continues to suffer from this emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant White Deer Run Treatment Network individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-

Case ID: 250800275

judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT XV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## MICHELLE RUNKLE v. ACADIA HEALTHCARE COMPANY, INC.

141.    The previous paragraphs set forth above are incorporated herein by reference.

142.    At all relevant and material times, Defendant Acadia Healthcare Company, Inc. had a duty to exercise reasonable care to protect Plaintiff from harm while Plaintiff was in its care.

143.    Defendant Acadia Healthcare Company, Inc. had a contractual duty of care to Plaintiff while Plaintiff was under its care.

144.    Defendant Acadia Healthcare Company, Inc. breached its duties by failing to provide Plaintiff a safe environment and by exposing her to abusive and violent conduct from which she suffered physical and emotional injuries.

145.    As a result of the Defendant Acadia Healthcare Company, Inc.'s failure, Plaintiff's emotional harm was so extreme that a reasonable person should not and cannot be expected to endure the resulting stress, which includes, but is not limited to: anxiety, mental anguish, shock, post-traumatic stress, humiliation, embarrassment, stress, sleep related issues, depression, and difficulties in daily life.  Plaintiff continues to suffer from this emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Acadia Healthcare Company, Inc. individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

Case ID: 250800275

Dated: August 4, 2025

Respectfuly submitted,

*/s/ Tobi Russeck*
Tobi Russeck, Esq.
Pennsylvania Bar Number: 206137
**LEVY KONIGSBERG, LLP**
Haley Ferise, Esq.
Pennsylvania Bar Number: 334429
605 Third Avenue, 33rd Fl.
New York, NY 10158
T: (212) 605-6208
F: (212) 605-6290
trusseck@levylaw.com
hferise@levylaw.com

*Attorneys for Plaintiff*

Case ID: 250800275

## **VERIFICATION**

I, Tobi Russeck, Esquire, am an attorney for the Plaintiff in the foregoing Complaint, and state that the facts set forth therein are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities.

August 4, 2025

**LEVY KONIGSBERG LLP**
*Attorneys for Plaintiff*

*/s/ Tobi Russeck*
Tobi Russeck, Esq.
Attorny I.D. No.: 206137

Case ID: 250800275

MICHELLE RUNKLE

(Plaintiff)

v.

WHITE DEER RUN OF LEHIGH

And

WHITE DEER RUN TREATMENT NETWORK

And

ACADIA HEALTHCARE COMPANY, INC.

(Defendants).

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY


CIVIL ACTION


No. 250800275


JURY TRIAL DEMANDED

*Filed and Attested by the Office of Judicial Records 11 SEP 2025 03:41 pm A. STAMATO*

## PRAECIPE TO REINSTATE COMPLAINT

**TO THE PROTHONOTARY:**

Kindly reinstate the Complaint filed against the Defendant in the above matter

Dated:  September 11, 2025

Respectfully Submitted:

/s/ Tobi Russeck
**LEVY KONIGSBERG LLP**
Tobi Russeck, Esq. (PA ID 206137)
Two Logan Square
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
212-605-6208
trusseck@levylaw.com
hferise@levylaw.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| **MICHELLE RUNKLE** | **COURT OF COMMON PLEAS** |
| **(Plaintiff)** | **PHILADELPHIA COUNTY** |
| **v.** | |
| **WHITE DEER RUN OF LEHIGH** | **CIVIL ACTION** |
| **And** | |
| **WHITE DEER RUN TREATMENT NETWORK** | **No. 250800275** |
| **And** | |
| **ACADIA HEALTHCARE COMPANY, INC.** | **JURY TRIAL DEMANDED** |
| **(Defendants).** | |

## <u>CERTIFICATE OF SERVICE</u>

I, Tobi Russeck, hereby certify that the foregoing *Praecipe to Reinstate Complaint* was served on all counsel of record via the Court's ECF system on September 11, 2025.

*/s/ Tobi Russeck*

2

Case ID: 250800275



*Filed and Attested by the
Office of Judicial Records
18 SEP 2025 12:41 pm
S. RALILONIS*

|  |  |
|---|---|
| MICHELLE RUNKLE | COURT OF COMMON PLEAS |
| (Plaintiff) | PHILADELPHIA COUNTY |
| v. | |
| WHITE DEER RUN OF LEHIGH | CIVIL ACTION |
| And | |
| WHITE DEER RUN TREATMENT NETWORK | No. 250800275 |
| And | |
| ACADIA HEALTHCARE COMPANY, INC. | JURY TRIAL DEMANDED |
| (Defendants). | |

## ACCEPTANCE OF SERVICE

I accept service of the Complaint in Civil Action on behalf of Defendant, Acadia Healthcare Company, Inc. and certify that I am authorized to do so.

Dated: September 17, 2025

_/s/Aleksander W. Smolij_____
**Aleksander Smolij, Esq**
**Counsel for Defendant**
**Acadia Healthcare Company, Inc.**
**AWSmolij@duanemorris.com**

1

Case ID: 250800275

**DUANE MORRIS LLP**
James H. Steigerwald (82469)
William Shotzbarger (320490)
Aleksander W. Smolij (329521)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020
E-mail: JHSteigerwald@duanemorris.com
      WShotzbarger@duanemorris.com
      AWSmolij@duanemorris.com

*Attorneys for Defendant*
*Acadia Healthcare Company, Inc.*

*Filed and Attested by the Office of Judicial Records 06 OCT 2025 12:14 pm B. BALILONIS*

---

| | | |
|---|---|---|
| MICHELLE RUNKLE | : | |
| | : | |
| | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY** |
| | : | |
| -vs- | : | |
| | : | |
| | : | CIVIL ACTION |
| | : | |
| WHITE DEER RUN OF LEHIGH, *et al.* | : | |
| | : | |
| | : | NO. 250800275 |
| *Defendants* | : | |
| | : | |

---

### ENTRY OF APPEARANCE

Kindly enter the appearance of James H. Steigerwald, William Shotzbarger and Aleksander

W. Smolij as counsel on behalf of Defendant Acadia Healthcare Company, Inc.

Respectfully submitted,

**DUANE MORRIS LLP**

/s/*Aleksander W. Smolij*
James H. Steigerwald (82469)
William Shotzbarger (320490)
Aleksander W. Smolij (329521)

30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000
JHSteigerwald@duanemorris.com
WShotzbarger@duanemorris.com
AWSmolij@duanemorris.com

Dated:  October 6, 2025

*Attorneys for Defendant Acadia Healthcare*
*Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Aleksander W. Smolij, do hereby certify that a true and correct copy of the foregoing Entry of Appearance was filed this date via the First Judicial District of Philadelphia Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure and Local Rule *205.4(f)(7).

Dated: October 6, 2025                    _/s/ Aleksander W. Smolij_____
                                         Aleksander W. Smolij, Esquire